IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON NUEL, | : | |
| Plaintiff, | : | Civil Action No.: |
| | : | |
| v. | : | |
| | : | |
| BUCKS COUNTY, | : | JURY TRIAL DEMANDED |
| Defendant. | : | |

**COMPLAINT**

**NATURE OF ACTION**

1. This an action raising disability discrimination and retaliation under the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq.* ("ADA"), and the Pennsylvania Human Relations Act, as amended 43 P.S. § 951 *et seq.* ("PHRA").

**JURISDICTION AND VENUE**

2. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state-law PHRA claims because they arise from the same events as Plaintiff's federal claims.

4. This Court is a proper venue for this action pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2) because Defendant resides in this district for venue purposes and a substantial part of the events giving rise to this cause of action occurred in this district.

**PROCEDURAL PREREQUISITES**

5. Plaintiff dual-filed a Charge of Discrimination, No. 530-2019-04843, with the United States Equal Opportunity Employment Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC") on March 8, 2018.

6. On March 20, 2020, the EEOC issued Plaintiff a Notice of Rights to Sue; this action is filed within ninety (90) days of that Notice.

## FACTS

7. Plaintiff is Jason Nuel ("Nuel"), an adult male residing at 1505 Concord Lane, Bethlehem, Pennsylvania 18015.

8. Defendant is Bucks County, a political subdivision organized under the laws of the Commonwealth of Pennsylvania, with its principle place of operation located at Bucks County Administration Building, 55 E. Court Street, 1st Floor, Doylestown, Pennsylvania 18901.

9. Defendant Bucks County, through its Department of Corrections, operates the Bucks County Correctional Facility ("Correctional Facility").

10. Plaintiff Nuel was hired by Defendant Bucks County as a Corrections Officer at the Correctional Facility in 2003.

11. From June through September of 2016, Plaintiff Nuel began experiencing medical issues, including but not limited to lethargy, fatigue, mood swings, and itchiness, which required him to take sick time at work.

12. On or about August 30, 2016, Defendant issued Plaintiff Nuel a Disciplinary Action Form for accumulating too many points as a result of his unexcused sick absences.

13. At the time Defendant Bucks County issued this Disciplinary Action Form, it was aware of Plaintiff Nuel's medical issues as it advised him to seek medical leave under the Family and Medical Leave Act ("FMLA").

14. In or about February 2017, Plaintiff Nuel was formally diagnosed with Diabetes (Type II) after undergoing testing in 2016, which was during the time of his unexcused absences.

15. When Plaintiff Nuel learned of his diagnosis, he promptly told his supervisors, Sergeant Lynn and Sergeant Mason.

16. As a result of his Diabetes diagnosis, Plaintiff Nuel followed Defendant's recommendation and requested intermittent medical leave, under FMLA, on or about February 25, 2017.

17. Defendant Bucks County granted Plaintiff Nuel's request for intermittent leave under FMLA as a result of his Diabetes diagnosis.

18. As a result, Plaintiff's approved frequency of leave was for one (1) day, four (4) times per month from the February 25, 2017 through August 25, 2017.

19. During the approved FMLA timeframe, Plaintiff Nuel followed all requirements necessary to utilize his available leave, including calling in to Defendant's third-party leave administrator, The Standard Insurance Company ("Standard Insurance"), on days he was using FMLA time.

20. On July 22, 2017, Plaintiff Nuel tried to call Standard Insurance's automated phone line to use FMLA time that day, but the phone line was not working.

21. By the time Standard Insurance had fixed its phone line, Plaintiff Nuel was considered late reporting the day off.

22. Around the same time, Sgt. Lynn warned Plaintiff that Defendant was looking to terminate his employment.

23. On or about September 5, 2017, Standard Insurance notified Plaintiff Nuel that he had until September 10, 2017 to return a Certification of Health Care Provider as part of continuing his FMLA.

24. On September 8, 2017 and prior Plaintiff's deadline to return the FMLA paperwork, Defendant Bucks County, through Deputy Warden Clif Mitchell and Captain Greg Landis, terminated Plaintiff Nuel's employment.

25. Plaintiff Nuel was told he was being terminated for violating Defendant's attendance and punctuality policies.

26. Upon information and belief, other Corrections Officers, who had attendance issues but did not have a disability, were not terminated for violating Defendant's attendance and punctuality policies.

27. Specifically, Defendant Bucks County relied on time it knew Plaintiff was taking for medical issues in 2016 and later medical leave under FMLA as a result of his Diabetes as a basis for his termination.

28. Defendant Bucks County terminated Plaintiff because he is diabetic.

29. Defendant Bucks County terminated Plaintiff's employment because it no longer wanted him to provide Plaintiff medical leave under FMLA as a result of his Diabetes diagnosis.

30. Defendant Bucks County's termination of Plaintiff Nuel's employment for attendance issues was pretextual.

31. Plaintiff Nuel disagreed with Defendant's basis for termination and requested a hearing under Defendant's applicable Collective Bargaining Agreement ("CBA").

32. An Administrative Disciplinary Hearing was held on September 21, 2017, pursuant to the requirements of the CBA.

33. Following the Administrative Disciplinary Hearing, Defendant Bucks County affirmed its own decision to terminate Plaintiff Nuel's employment.

34. On or about October 13, 2017, Defendant Bucks County issued Plaintiff Nuel another Disciplinary Action Form, signed by Captain Landis on November 2, 2017, falsely accusing Plaintiff of throwing a pen at Defendant's representative, Ara Kimbrough, during the Administrative Disciplinary Hearing.

35. Defendant identified the conduct alleged in Plaintiff's Disciplinary Action Form as a violation of "conduct unbecoming of an employee."

36. At the time Defendant issued this new discipline, Plaintiff's employment had already been terminated and Plaintiff Nuel was not an employee.

37. Despite already terminating Plaintiff's employment in September 2017, Defendant Bucks County "re-terminated" Plaintiff again in November 2017.

38. Defendant's attempt to "re-terminate" for a new and unrelated reason and after Plaintiff was already terminated was retaliation for exercising his appeal rights under the CBA.

## COUNT I
## DISABILITY DISCRIMINATION UNDER THE ADA AND PHRA

39. Plaintiff Nuel incorporates by reference paragraphs 1 through 38 of this Complaint as if set forth fully here.

40. Plaintiff's Diabetes diagnosis is a disability under the ADA and PHRA.

41. Defendant regarded Plaintiff as having a disability in 2016 when it encouraged him to seek medical leave under FMLA as a result of the sick time he continued to take.

42. Plaintiff Nuel was qualified for his position as a Corrections Officer as he had been hired by Defendant to work in that capacity from 2003 to September 2017, even with medical leave.

43. Plaintiff Nuel's request for intermittent medical leave was a request for a reasonable accommodation under the ADA and PHRA.

44. Plaintiff suffered an adverse employment action when Defendant terminated his employment on September 8, 2017 because of his Diabetes.

45. As its basis for termination, Defendant used alleged unexcused absences during times that Plaintiff had approved medical leave and that Defendant knew was the result of medical issues with his diabetes.

46. Defendant discriminated against Plaintiff because of his disability.

47. Other Corrections Officers, who did not have a disability, were not terminated for medical absences.

48. Defendant's alleged reason for terminating Plaintiff's employment was pretextual because Defendant no longer wanted Plaintiff Nuel taking medical leave for his Diabetes.

49. Defendant's attempt to "re-terminate" Plaintiff months later for false allegations shows the animus towards Plaintiff and the pretextual nature of Defendant's reason for termination.

50. Other Corrections Officers, who did not have a disability, were not "re-terminated" for alleged conduct during an administrative hearing under the CBA.

51. Plaintiff Nuel suffered damages as a result of his termination.

WHEREFORE, Plaintiff Nuel requests that judgment be entered in his favor and against Defendant Bucks County and that he receive an award of back pay, front pay, punitive damages, compensatory damages, attorney fees, and any other relief this Honorable Court deems proper.

## COUNT II
## RETALIATION UNDER THE ADA AND PHRA

52. Plaintiff Nuel incorporates by reference paragraphs 1 through 51 of this Complaint as if set forth fully here.

53. Plaintiff's use of approved medical leave for his Diabetes was a reasonable accommodation and protected conduct under the ADA.

54. Plaintiff Nuel suffered an adverse employment action when his employment was terminated in September 8, 2017 because of his Diabetes.

55. Defendant based Plaintiff's termination on alleged unexcused absences and a violation of the attendance policy for time he was permitted to take as medical leave.

56. Defendant's allegation that Plaintiff Nuel violated Defendant's attendance policy is false because his absence was a direct result of Plaintiff taking medical leave in accordance with the FMLA, which had previously been approved.

57. Plaintiff's request for a hearing under the CBA to dispute Defendant's reason for terminating his employment for using medical leave was protected conduct.

58. Defendant's issuance of additional Disciplinary Action, which falsely alleged Plaintiff threw a pen at Defendant's representative during his hearing under the CBA, and which was issued over a month after the hearing, was a direct result of Plaintiff requesting such hearing.

59. Plaintiff Nuel suffered an adverse employment action when Defendant "re-terminated" his employment due to these false allegations.

60. Plaintiff Nuel would not have been "re-terminated" if he did not request a hearing to challenge his termination for using intermittent medical leave.

WHEREFORE, Plaintiff Nuel requests that judgment be entered in his favor and against Defendant Bucks County and that he receive an award of back pay, front pay, punitive damages, compensatory damages, attorney fees, and any other relief this Honorable Court deems proper.

## JURY TRIAL DEMAND

61. Plaintiff Nuel demands a trial by jury on all claims and issues so triable.

                                            **BROUGHAL & DeVITO, L.L.P.**

Dated: _____06/18/2020_____    By: _____
                                                    **JOHN S. HARRISON, ESQUIRE**
                                                    Attorney I.D. No. 53864
                                                    **ERIKA A. FARKAS, ESQUIRE**
                                                    Attorney I.D. No. 313686
                                                  38 West Market Street
                                                  Bethlehem, PA 18018
                                                  Telephone No.:  (610) 865-3664
                                                  Facsimile No.:  (610) 865-0969
                                                  *Attorneys for Plaintiff*

.